*458
 
 Ruffin, Judge
 

 An important question was supposed to arise in this case, which upon a closer inspection of the record, is found not to do so. It has been treated as a case |n which a person, whose term of office as sheriff, expired on the first day of the term of the court, upon the qualification of his successor, made a sale of land on the second day of the term, on a
 
 fieri
 
 fiadas, returnable to the same court. Two defects were alleged to exist in the sale. The first, that it was made too late, even if the sheriff’s office had continued. This has been decided otherwise, in
 
 Mordecai
 
 v.
 
 Speight
 
 at this term, and before in
 
 Lanier
 
 v.
 
 Stone.
 
 The second, that the authority of the sheriff closed with'his office. This last is a nice point, and it is one, which could not be ruled against the applicant, to say the least, without further consideration and research.
 

 But it turns out, that the objection is not founded in fact. Mr.
 
 Lane
 
 was still in office, when he made the sale. By the record of the County Court, ‘appended to the transcript filed here, it appears he entered upon his office on the 21st day of August, 1815, and the case states the sale to have been on the 20th day of August, 1816* It is true, that the third Monday of August of the former year, was the 21st day of the month ; and that the corresponding Monday of the latter year, was the 19th day of the month; and that the new sheriff qualified on this last day. But we do not count the year, from one Monday in the one, to a corresponding Monday in the next; but from one day to another day. The year is made up of so many days — and particularly is this mode of computing required in this case, since the statute has plainly a reference to the chasm, which might occur in the office by the compution from week to week, and has provided lor that case. The act of
 
 1777, (Rev.
 
 c. 118,) assumes, that a sheriff’ once appointed is bound to continue at common law until discharged ; and enacts that, he shall not be compellable to serve “more than one “year, and until the next succeeding County Court, af- “ ter the expiration thereof.” If the year expire before court, he must serve until court. But if the court .shall
 
 *459
 
 sit before the expiration of the year, the office is not then determined; he is to serve one whole year, at all events. And it must mean the year reckoned by days, because, in any other view, there was no necessity for extending the term of office to the court, as the terms are in fixed and corresponding weeks, and it cannot be supposed the provision was designed to meet only *a change of the time of holding the court. The qualification of the successor does not affect the question. It may be, that there cannot be two sheriffs.at once; but the question remains, Which of these two was the sheriff. . If
 
 Lane
 
 was com-pellable to serve a year ; if he could not compel
 
 Hinton
 
 to serve before his own time expired ; it seems a reasonable, indeed a necessary consequence, that he should have the whole time to complete the execution of process begun by him ; and his successor and the court could not prematurely oust him, and thereby subject him to amercements and civil suits. His rights and powers correspond with his obligations. But if he could, upon the qualification of the new sheriff, have relinquished the office, he did not. He continued to act, in malting this sale; and he made it within the period limited by law for his office ; for in such a case certainly, both the days, that of the commencement, and that of the ending of the year, are not to be excluded! It is therefore valid; and llie judgment below must be affirmed.
 

 Ter Curiam. — Judgment affirmed-